THE CONJUGAL PARTNERSHIP composed of JULIO QUINTANA MARTÍNEZ and MONSERRATE LEÓN GARCÍA ET AL., Plaintiffs and Appellees, *v.* HORTENSIO VALENTÍN, NATIONAL BISCUIT COMPANY, and LUMBERMAN'S MUTUAL INSURANCE COMPANY, Defendants and Appellants.

No. R-70-141.      Decided June 29, 1970.

*Hartzell, Fernández, Novas & Ydrach* and *José Luis Novas Dueño* for appellants. *Héctor Lugo Bougal, Delia María Auffant,* and *Delia Lugo Bougal* for appellees.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

On June 3, 1970 the Court issued the following order:

"After considering the foregoing petition for review, there appearing from the record that the trial court understood that in this accident defendants had incurred only 60% of guilt, and the trial court having granted a compensation of $33,000 on the basis of $10,000 for each one of the parents and $1,000 for each one of 13 brothers, appellees are granted a term which will expire on June 15, 1970, to show cause why, according to our decisions, said judgment should not be modified by reducing defendants' liability to 60% of the damages in the degree in which these were granted, that is, to 60% of the amount of $10,000 granted to each one of the parents and 60% of the amount of $1,000 granted to each one of 13 brothers for a total liability of $19,800; and thus modified, to affirm said judgment."

Complying with said order appellees appeared by brief to answer said order. As a matter of reality, in their appearance appellees discuss the impropriety of the concurrent negligence determined by the trial court. They also invoke the decisions of this Court in the cases of *Torres* v. *W.R.A.,* 94 P.R.R. 297 (1967) and *Serralta* v. *Martínez Rivera,* 97 P.R.R. 454 (1969).

This is an action for damages for the death of a small child. The trial court concluded that in the automobile accident which caused the death there was negligence on the part of the driver as well as on the part of the child's mother, by allowing the child to leave her immediate presence and supervision and cross the street.

Weighing the respective negligence, the trial court fixed at 60% the negligence of the driver of the vehicle and at

40% that of the child's mother for her lack of attention and care.

For the death of the child the trial court granted $10,000 to each one of his parents and $1,000 to each one of 13 brothers who sued for said death, for a total of $33,000, amount awarded. The court considered, however, that the $10,000 awarded to the mother should be reduced at 40% because of her negligence, and she was granted only $6,000.

■ Appellants in this case are the ones sued. We cannot consider in this appeal the contention of plaintiffs-appellees in answer to our order, to the effect that the mother did not incur concurrent negligence since they did not request a review of that part of the judgment unfavorable to them.

■ There was error concerning the manner in which the trial court fixed the amounts. The right of the father and of the brothers of the deceased child to claim indemnity against defendants issues forth from the same event which also entitled the mother to claim. Thus, in the trial court determining that defendants' negligence was to blame for 60% of the accident, defendants are not bound to answer for that accident in any amount whatsoever beyond 60% of the damages determined, pursuant to the remedial view of § 1802 of the Civil Code, 1930 ed. The basis to apply the rule of concurrent imprudence is the total damage caused by an accident through the guilt or negligence of § 1802, subtracting from said total amount of damage that which is not chargeable upon the wrongdoer when he is not the only one to blame, and it is divided between the latter and the claimant. The basis is not the aliquot part which may correspond, in that total of damages, to different plaintiffs having the right to claim. The rule of concurrent guilt is operative on the damage caused by an accident, and not on such aliquot part.

The case of *Torres* v. *W.R.A.*, *supra*, invoked by plaintiffs-appellees, involves a different situation from that of the

case at bar. In *Torres*, the trial court decided that some injuries had been the result of concurrent negligence of the plaintiff and injured girl, of the W.R.A., and of a third person which was not a party in the action. It concluded that said concurrent imprudence had been in the degree of one third for each one. Upon fixing the amount of the compensation to the girl-plaintiff therein, the trial court granted only one third of the damages determined.

Regardless of the fact that we concluded that the girl there had not incurred negligence whatsoever, we stated:

"Before considering whether or not there was concurrent guilt on the part of the girl with the adverse party in the action, that is, the defendant Authority, an obvious error was committed which merits to be corrected. The court made the burden of the guilt adjudged to Abad Rodríguez fall upon the girl and to the relief of the Authority. As an economic question, according to the judgment rendered, she is paying not only for the guilt charged her but also for Abad's guilt. Abad was never in the litigation. He was not heard nor defeated at the trial, for which reason the adjudication of guilt against him does not bind him, neither towards plaintiff to answer to her for damages in the action, nor towards the Authority to answer to it. Abad Rodríguez was not joined as a codefendant with the Authority. If he had been, according to the findings of the court, he would have answered to plaintiff for the entire compensation as a joint tort-feasor of the damage with the Authority, in the same manner as the Authority would answer also for the entire compensation as joint tort-feasor, except in either case, in that part which attributed concurrent guilt to the girl. The obligation of two or more judgment debtors in case of liability as joint tort-feasors of a damage is solidary. *Rivera* v. *Great American Indemnity Co.,* 70 P.R.R. 787 (1950); *Prado* v. *Quiñones,* 78 P.R.R. 309 (1955). *Cf. García* v. *Government of the Capital,* 72 P.R.R. 133 (1951); *Ginés* v. *Aqueduct and Sewer Authority,* 86 P.R.R. 490 (1962); *Cortijo Walker* v. *Water Resources Authority,* 91 P.R.R. 557 (1964); *Widow of Andino* v. *Water Resources Authority,* 93 P.R.R. 168 (1966).

"Abad Rodríguez not being a codefendant, the Authority, if it wanted to defend itself from its guilt or to take advantage

thereof, should have made him a third-party defendant, under the mechanism offered by Rule 12.1 of the Rules of Civil Procedure."

■ The foregoing does not govern a situation of fact and of law as the one of the case at bar. In *Torres*, a joint tort-feasor of the damage sought to take advantage with the negligence of another joint tort-feasor whom he did not make a party therein, and thus the court favored the former by charging the negligence of that other person upon the injured minor. But under the doctrine of concurrent imprudence, defendant therein was not held liable for a greater sum than that for which it should have answered. It was rather a problem between two joint tort-feasors of a damage, as to the discharge among them of their solidary liability towards claimant. Here, the problem within the concurrent imprudence arises between plaintiffs and defendants, and in accordance with the foregoing, and under § 1802 of the Civil Code, defendants are not liable for the damages beyond their degree of guilt.

In *Serralta* v. *Martínez Rivera, supra*, there did not exist either a situation like the one of the case at bar, and there we limited ourselves to cite by way of argument the statements made in the decision of *Torres* v. *W.R.A.*

For the foregoing grounds the writ for review is issued limited to the financial amount of defendants-appellants' liability, and judgment will be rendered modifying the one rendered by the Ponce Part of the Superior Court on February 20, 1970, in the terms appearing in the above-copied order of June 3, 1970, and thus modified, it will be affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Rigau did not participate herein.